**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEROME W. WAGNER,

      Plaintiff,

v.                               Case No. 8:08-CV-79-T-30TBM

STATE OF FLORIDA, et al.,

      Defendants.

_____/

## <u>ORDER</u>

    This matter comes before the Court upon review of the file.  Plaintiff, a civil detainee at the Florida Civil Commitment Center proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) alleging  that the defendants violated his civil rights when in 1997 he was convicted of sexual battery only upon hearsay evidence, and when he was subsequently incarcerated for 10 years.  For relief, Plaintiff seeks either to be released, apparently from the Florida Civil Commitment Center, or a retrial of his criminal case (Id. at 10).

    The relief Plaintiff seeks is not available in a § 1983 cause of action.  Plaintiff must pursue relief under 28 U.S.C. § 2254.  An individual seeking to challenge his conviction or confinement files a "petition for writ of habeas corpus" pursuant to § 2254. 28 U.S.C. § 2254(a).  Claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983. *Nelson v. Campbell*, 541 U.S. 637

(2004); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Thus, a civil rights action under § 1983 is the appropriate relief when a state prisoner constitutionally challenges the conditions of his confinement, but not the fact or length of his incarceration. *Preiser*, 411 U.S. at 499.  *See also Cook v. Baker*, 139 Fed.Appx. 167, 168 (11th Cir. 2005).

ACCORDINGLY, the Court **ORDERS** that:

1.      The complaint is **DISMISSED**.[1] The **Clerk** shall enclose a copy of the court-approved form used in filing a request for federal habeas relief pursuant to 28 U.S.C. § 2254 with Plaintiff's copy of this order.

2.      The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 15, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) provides that in actions where a party is proceeding *in forma pauperis* "...the court shall dismiss the case at any time if the court determines that....the action...fails to state a claim on which relief may be granted..."